IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,    )
                       )    CRIMINAL CASE NO. CF0648-11
      vs.              )
                       )    DECISION AND ORDER
MASANORI SUGIYAMA,     )
                       )
          Defendant.   )
                       )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss, filed September 7, 2012. Oral arguments were heard on October 1, 2012. Assistant Attorney General Jesse N. Nasis, Esq. appeared on behalf of the Government and Assistant Public Defender Mikaela J. Silkey Henderson, Esq. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On May 22, 2012, Defendant was charged by superceding indictment with theft of a motor vehicle and theft of property for allegedly stealing a Pepsi delivery truck and unloading eighty-one (81) cases of Pepsi drink products. On September 7, 2012, Defendant moved to dismiss the indictment, alleging a failure by Prosecution to submit exculpatory evidence to the grand jury in violation of 8 GCA § 50.46. Defendant argues the prosecuting attorney failed to submit inconsistent witness descriptions of Defendant's appearance that are contained in the police report and which would tend to negate his guilt.

The police report states that an eyewitness watched a man start and drive off with the Pepsi truck from Adrian Sanchez St. in Harmon at about 4:00 p.m. on November 21, 2011. (Motion to Dismiss, "Exhibit A", 7-8, Sep. 7, 2012.) The witness described the man as possibly Micronesian, skinny, aged in his 50's and wearing jeans with a shirt and reflective-type vest. *Id.* This description was broadcast over police radio channels along with multiple updates of the Pepsi truck's location according to GPS satellite tracking information provided by the Pepsi

bottling company. *Id.* The search continued for almost two (2) hours until about 6:00 p.m. when officers located the Pepsi delivery truck abandoned near Okkodo High School and Swamp Road in Dededo. *Id.* at 10.

During the search, officers saw Defendant walking in the area surrounding Swamp Road and noticed that he was a male Micronesian wearing jeans, a blue shirt and a reflective-type vest. *Id.* at 9-10. Defendant's age is listed as 49 years old. *Id.* at 1. He was later detained and positively identified by the eyewitness as the man who drove off with the Pepsi delivery truck. *Id.* at 8-10. Officers also interviewed two (2) groups of witnesses in the Swamp Road area during the search for the Pepsi delivery truck. *Id.* at 11-12. One group of witnesses saw the truck speeding with the side and back doors open and driven by a heavy set man of light complexion with a full beard. *Id.* at 11. Another group of witnesses saw the truck parked with hazard lights on and operated by a slim, bald man with a moustache and beard wearing shades and a grey shirt in addition to a passenger with a blue shirt. *Id.* at 12.

Defendant contends that the additional suspect descriptions during the search for the Pepsi delivery truck tend to negate his guilt because they are inconsistent with the original suspect description at the time the Pepsi delivery truck was stolen. The Government does not dispute these facts in opposition and only urges the Court to follow the federal practice that exculpatory evidence does not have to be presented to a grand jury. *See* Opposition, 1-2, Sep. 17, 2012 (*quoting U.S. v. Syling*, 553 F.Supp.2d 1187, 1190-1191 (D. Haw. 2008)).

## DISCUSSION

As a preliminary matter, the Court shall not adopt the Government's proposal to follow the federal grand jury practice because it is contrary to the express language of 8 GCA § 50.46, which is based upon California law. *See e.g.* 8 GCA § 50.46, NOTE; *People v. Sablan*, Crim. No. 85-0024A, 1986 WL 68900, at *3 (D. Guam App. Div. 1986). The Government opposition is not warranted by existing Guam law and it provides no argument to reverse existing Guam law. For this reason, the Court shall not consider the Government's opposition. *See* Local R.

Super. Ct. Guam Rule CVR 7.1(k).[1]

Title 8 GCA § 50.46 provides: "The grand jury shall receive only evidence presented to it by the prosecuting attorney but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt and the grand jury shall weigh all the evidence submitted." The duty to present exculpatory evidence to the grand jury was adopted from California law, "due to the particularly unilateral role of a prosecutor in the nonadversary context of grand jury proceedings." *Sablan*, 1986 WL 68900, at *3 (*citing Johnson v. Superior Court*, 15 Cal.3d 248 (1975)).

Under 8 GCA § 50.46, "[t]he prosecutor's duty consists of fairly presenting all the evidence available," but, "[a] reviewing court should uphold an indictment 'if there is some rational ground for assuming the *possibility* that an offense has been committed and the accused is guilty of it.'" *People v. Grajo*, No. 86-00002, 1987 WL 109393, at *2 (D. Guam App. Div. 1987) (emphasis in original) (*quoting People v. Ketchel*, 59 Cal.2d 503, 532, 30 Cal.Rptr. 538, 553, 381 P.2d 394, 409 (1963), *vacated on other grounds*, 63 Cal.2d 859, 48 Cal.Rptr. 614, 409 P.2d 694 (1966)); *see also* 8 GCA § 50.54(b).

Furthermore, the failure to present exculpatory evidence to a grand jury is grounds to dismiss an indictment prior to the conclusion of trial only, "if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from substantial influence of such violations." *People v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993) (internal quotations omitted) (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256, 108 S.Ct. 2369, 2374, 101 L.Ed.2d 228 (1988)).

In this case, the Defendant argues the indictment must be dismissed after the prosecuting attorney failed to present inconsistent suspect descriptions contained in the police report. While the prosecuting attorney may have failed to fairly present all of the available evidence to the

---

[1] Indeed, this Court is dismayed that the Office of the Attorney General, a principal entity responsible for enforcing Guam law, urged the Court to flatly ignore a Guam statute, especially where that law mandates prosecutors to maintain a certain ethical standard to provide for the rights of criminal defendants. Further, the Attorney General made no effort to challenge the constitutionality of the statute, but simply moved the Court to summarily disregard it. This fact troubles this Court and could cause one to hope the prosecutors of the Office of the Attorney General are actually complying with this law in practice.

grand jury, the Court is not convinced that dismissal is warranted. The only witness who saw Defendant drive off from Harmon with the Pepsi delivery truck full of drinks positively identified him after police found him in Dededo two (2) hours later. The other witnesses saw the Pepsi delivery truck operated by a different person or persons in Dededo during the lengthy search for the missing truck in the Swamp Road area. The descriptions of whoever operated the truck in Dededo conflict with the description of whom allegedly operated the truck in Harmon two (2) hours earlier. However, the only salient point is that the description of the individual who allegedly initially stole the truck matches Defendant's description.

On these facts, there are rational grounds for the possibility that Defendant stole the Pepsi delivery truck and unloaded its contents at some point in time before it was operated by a different person or persons in Dededo during the two (2) hour search. This rational possibility further removes any grave doubt the Court may have that the decision to indict was substantially influenced by the failure to present descriptions of the different person or people who drove the Pepsi truck in Dededo at different times during the two (2) hour search. For these reasons, the Court shall uphold the indictment and not dismiss it.

///

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's motion to dismiss is hereby DENIED.

SO ORDERED this _25th_ day of October, 2012.

---

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

OCT 5 2012

Ryan T. Balajadia
Deputy Clerk, Superior Court of Guam